UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JEREMY SPARIG,<br><br>    Plaintiff,<br>v.<br><br>LEGAL BROADCAST NETWORK, LLC,<br>d/b/a SEQUENCE MEDIA GROUP, and<br>d/b/a FAMILY LAW CHANNEL,<br><br>    Defendants. | Case No.: _____<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Jeremy Sparig ("Plaintiff" or "Mr. Sparig"), by and through undersigned counsel, hereby brings this Complaint against Defendants Legal Broadcast Network, LLC, d/b/a Sequence Media Group, and d/b/a Family Law Channel (collectively, "Defendants"), and alleges as follows:

### PRELIMINARY STATEMENT

1. This action arises from Defendants' collective, willful copyright infringement and falsification, removal, alteration, and destruction of copyright management information of a photograph Mr. Sparig created that depicts the NYPD practice of 'Stop and Frisk' that was first published during the height of its recent controversy.

2. Defendants unlawfully reproduced, performed, and publicly displayed Mr. Sparig's photograph in a video they posted to their websites and on YouTube. In doing so, Defendants took additional steps to watermark the photograph with two of their affiliates' logos so as to misappropriate Mr. Sparig's work for their own commercial benefit.

3. Mr. Sparig brings this action to end Defendants' wholesale copying, unauthorized exploitation, and misappropriation of his copyright-protected photograph. Defendants acted, and

continue to act, with the sole purpose of unjustly capitalizing on Mr. Sparig's painstaking efforts as a photographer, undercutting his right to license his work to earn a livelihood.

## THE PARTIES

4. Plaintiff Jeremy Sparig is a resident of the State of New York and resides at 133 Montrose Avenue, Brooklyn, New York 11206.

5. Upon information and belief, Defendant Legal Broadcast Network, LLC ("LBN") is a Delaware corporation with its principal place of business at 7701 East Gray Road #103, Scottsdale, Arizona 85260.  LBN conducts business throughout the world via its interactive website, including in the State of New York and this judicial district.  Upon further information and belief, LBN owns and/or controls Sequence Media Group and its website located at http://www.sequencemediagroup.com/, as well as Sequence Media Group's YouTube channel located at https://www.youtube.com/channel/UC8AczokDXpE3F09NLoXgB7g.  Upon further information and belief, LBN owns and/or controls the Family Law Channel and its website located at http://legalbroadcastnetwork.com/family-law-channel/.

6. Upon information and belief, Defendant Sequence Media Group ("SMG") was an Arizona corporation with its principal place of business at 7701 East Gray Road #103, Scottsdale, Arizona 85260, which is now operating as a "doing business" entity of LBN.  SMG conducts business throughout the world via its interactive website, including in the State of New York and this judicial district.  Upon further information and belief, SMG is owned and/or controlled by LBN.

7. Upon information and belief, Defendant Family Law Channel ("FLC") is affiliated with Defendants LBN and SMG.  According to SMG's website, LBN is one of its "featured channels" and LBN's website portrays FLC as one of its own broadcasting outlets.   Upon further information and belief, FLC is owned and/or controlled by LBN.

## JURISDICTION AND VENUE

8. This is an action for violations of the Copyright Act of 1976, 17 U.S.C. §§ 101 *et seq*. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338.

9. This Court has personal jurisdiction over Defendants because, among other reasons, Defendants are doing business in the State of New York and this judicial district. Defendants have engaged in unlawful conduct within the State of New York with respect to a photograph created by Mr. Sparig by reproducing, performing, and publicly displaying it, as well as falsifying, removing, altering, and destroying its copyright management information in unlicensed and unlawful ways. Defendants' conduct causes injury to Mr. Sparig and his intellectual property within the State of New York and this judicial district, and Defendants (i) transact substantial, ongoing business in the State of New York, (ii) engage in a persistent course of conduct in the State of New York, (iii) derive revenue from goods or services provided to consumers in the State of New York, (iv) expect, or should reasonably expect, to have consequences in the State of New York, and (v) derive revenues from interstate commerce.

10. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(c) and 1400(a) because Defendants are subject to personal jurisdiction and may be found in this judicial district.

## BACKGROUND AND FACTS

11. SMG claims on its website to specialize in online news syndication and video content marketing. It touts itself as a producer of "powerful, customized broadcast properties, or as we like to call them, channels" and positions "this versatile video content to excel in online search, putting our clients at the cutting edge of their marketing, social media, and lead generation strategies." SMG claims that LBN is one of its featured broadcasting channels.

12. Mr. Sparig is a career photographer whose work sustains his livelihood. After many years of hard work, practice, and economic sacrifice, Mr. Sparig took great personal risk to

create the following image (the "Photograph") at the scene of an active shooting in 2005, which depicts the NYPD's practice of 'Stop and Frisk':



(Copyright © 2005 Jeremy Sparig. All Rights Reserved.)

13. Mr. Sparig applied for and received a copyright registration for his Photograph, effective November 12, 2013. The Copyright Registration Certificate for Mr. Sparig's Photograph is attached at <u>Exhibit A</u>.

14. While Mr. Sparig has photographed different subjects – some of which have received recognition – the Photograph reached a wide audience because it conveyed a significant message when first published in 2012, during a time of vigorous political, legal, and social debate.

15. As a result, the Photograph garnered the public interest and Mr. Sparig has been fortunate to consummate licensing arrangements with third-parties who desire to legally exploit his copyrighted work.

16. All of Mr. Sparig's own uses, and licensed uses, of his Photograph include a byline credit affixed below the image and a copyright notice embedded in its metadata. This

information constitutes "copyright management information" as that term is defined in 17 U.S.C. § 1202(c). Mr. Sparig employs this copyright management information and embedded metadata in images of his Photograph to maintain control of the Photograph and to prevent copyright infringement. The following illustrates embedded metadata affixed to the image of the Photograph, and additional examples of Mr. Sparig's and licensed uses with the copyright notice and embedded metadata affixed to the image of the Photograph are attached at <u>Exhibit B</u>:



17. In or around October 2013, Mr. Sparig was dismayed to learn that Defendants had reproduced, performed, and publicly displayed his Photograph with neither the authorization to do so nor the appropriate attribution to him as its author.

18. Defendants reproduced and integrated Mr. Sparig's Photograph into a video for LBN and SMG, which they performed and publicly displayed on YouTube, and presumably, other websites and social media feeds as well.

19. Perhaps most troubling, Defendants did not merely infringe Mr. Sparig's Photograph; they did so after removing and altering Mr. Sparig's copyright notice and copyright management information by placing LBN's own logo on the Photograph as a watermark, as shown below in one such example:



(Defendants' Infringing Image with the LBN Logo)

20. Defendants reproduced, performed, and publicly displayed Mr. Sparig's Photograph, branded with the LBN logo, as the opening sequence image of the video, within its body, and as a thumbnail on the search results page. In doing so, Defendants knew they did not own the copyright for the Photograph and had no authorization from Mr. Sparig to remove, alter, and falsify its copyright management information.

21. In or around November 2013, and upon further investigation, Mr. Sparig discovered that Defendants watermarked his Photograph again – this time with FLC's logo – and reproduced the image as the opening sequence image of an additional video, within its body, and as a thumbnail on the search results page which they performed and publicly displayed on FLC's website, YouTube, and World News (and presumably other outlets), as shown below in one such example:



(Defendants' Infringing Image with the FLC Logo)

22. Upon information and belief, FLC is affiliated with LBN and SMG. According to SMG's website, LBN is one of its "featured channels" and LBN's website portrays FLC as one of its own broadcasting outlets.

23. Once again, Defendants did not merely infringe Mr. Sparig's Photograph; they did so after removing and altering Mr. Sparig's copyright notice and copyright management information by placing FLC's own logo on the Photograph as a watermark and stripping the metadata embedded in the image of Mr. Sparig's Photograph as follows:



(Defendants' Infringing Image with the FLC Logo and Mr. Sparig's Metadata Removed)

24. Again, Defendants knew they did not own the copyright for the Photograph and had no authorization from Mr. Sparig to remove, alter, and falsify its copyright management information.

25. The above examples of Defendants' infringement are illustrative only, as additional screenshots of Defendants' infringement and misappropriation of Mr. Sparig's Photograph on their websites, YouTube, and other webpages are attached at Exhibit C.

26. After discovering Defendants' infringement, Mr. Sparig contacted SMG to request Defendants cease and desist the unlawful exploitation and misappropriation of his Photograph.

27. Mr. Sparig exchanged telephone calls and written correspondence with SMG's President and CEO, Mark Wahlstrom, who promised to research the matter and determine how it occurred.

28. During one such telephone call, Mr. Wahlstrom inquired whether Mr. Sparig would be willing to reduce his licensing fee in exchange for contract work. After a commitment was reached to resolve the matter, Mr. Sparig supplied SMG with, among other things, the certificate of copyright registration for his Photograph and a written licensing proposal by which SMG could legally exploit his work.

29. Notwithstanding Mr. Wahlstrom's promise to resolve the matter, SMG utterly ignored and rebuffed Mr. Sparig's repeated efforts to communicate and never obtained the authorization to exploit the Photograph. But even more egregiously, Defendants concealed they had repeated their unlawful infringement and misappropriation of Mr. Sparig's Photograph a second time, with the FLC logo, in entirely the same manner as the first.

30. As a marketing provider, Defendants undoubtedly garnered corporate interest and earned substantial revenue from their infringement and misappropriation of Mr. Sparig's Photograph via their broadcast channels, as well as other websites and social media feeds.

31. Upon information and belief, Defendants have not removed Mr. Sparig's Photograph from their company websites, as the Photograph may still be accessible via a password-protected webpage that is shared and utilized by individuals within Defendants' organizations who possess the requisite login credentials. Screenshots of such webpages are attached at Exhibit D.

32. Defendants have not compensated Mr. Sparig for the unauthorized use of Mr. Sparig's Photograph to promote, market, or sell their services.

33. Mr. Sparig earns his living by licensing his work. His Photograph is rare; it was produced in a high-risk situation and covers a topic that was in great demand at the time of Defendants' infringement. Advancement of Mr. Sparig's career relies on receiving recognition for authorship of his works. Defendants knowingly and willfully denied Mr. Sparig both opportunities.

**FIRST CLAIM FOR RELIEF**
**Copyright Infringement - 17 U.S.C §§ 101 *et seq*.**

34. Mr. Sparig repeats and realleges each and every allegation in the above paragraphs as if set forth fully herein.

35. Mr. Sparig's Photograph is a wholly original work that constitutes copyrightable subject matter under the laws of the United States. Mr. Sparig is the author and copyright owner of the Photograph and owns all right, title, and interest in his work.

36. Mr. Sparig complied in all respects with the Copyright Act of 1976, 17 U.S.C §§ 101 *et seq*., and applied for and received a copyright registration for his Photograph as set forth in Exhibit A.

37. Defendants were, and upon information and belief are, infringing the copyright in Mr. Sparig's Photograph by unlawfully reproducing, performing, and publicly displaying it in violation of the Copyright Act, 17 U.S.C. § 106.  At no time did Mr. Sparig authorize Defendants to reproduce, perform, or publicly display his Photograph in any manner, least of all in the manners shown herein and in Exhibit C.

38. Defendants' acts of infringement are willful.

39. Defendants' acts of infringement were executed in conscious disregard of Mr. Sparig's exclusive rights in his protected work.  By way of Defendants' infringement, Mr. Sparig has sustained, and will continue to sustain, substantial injury, loss, and damage to his ownership rights in his copyrighted work.

40. As a direct and proximate result of Defendants' acts of infringement, Mr. Sparig is entitled to recover the damages he sustained and Defendants' profits, in amounts to be proven at trial which are not presently ascertainable.  At his election, and in the alternative, Mr. Sparig is entitled to recover statutory damages at a maximum of $150,000 for each copyright infringed, or in such other amount as may be proper in accordance with 17 U.S.C. § 504.

41. Mr. Sparig is entitled to recover his costs and attorneys' fees under 17 U.S.C. § 505.

42. Mr. Sparig is also entitled to an injunction enjoining Defendants, their officers, agents, and employees, and all persons acting in concert with them, from engaging in any such further willful acts in violation of the copyright laws.

### SECOND CLAIM FOR RELIEF
**Violation of the Digital Millennium Copyright Act - 17 U.S.C. § 1202(a)**

43. Mr. Sparig repeats and realleges each and every allegation in the above paragraphs as if set forth fully herein.

44. Defendants have, upon information and belief, knowingly and with the intent to induce, enable, facilitate, or conceal infringement, provided and distributed false copyright management information in violation of 17 U.S.C. § 1202(a).

45. Mr. Sparig holds the copyright in his Photograph (which is also stored in a digital file with metadata containing copyright management information) that Defendants uploaded on their websites and to YouTube.

46. Defendants willfully placed their own logos on Mr. Sparig's Photograph to signify contrary ownership, in willful disregard of Mr. Sparig's rights.

47. Defendants' acts are in violation of the Digital Millennium Copyright Act and were and are willful.

48. By way of Defendants' violations, Mr. Sparig has sustained, and will continue to sustain, substantial injury, loss, and damage to his ownership rights in his copyrighted work.

49. As a direct and proximate result of Defendants' violations, Mr. Sparig is entitled to recover the damages he sustained and Defendants' profits, in amounts to be proven at trial which are not presently ascertainable. At his election, and in the alternative, Mr. Sparig is entitled to recover statutory damages at a maximum of $25,000 per each falsification of copyright management information, or in such other amount as may be proper under 17 U.S.C. § 1203(c)(3).

50. Mr. Sparig is entitled to recover his costs and attorneys' fees under 17 U.S.C. § 505.

51. Mr. Sparig is also entitled to an injunction enjoining Defendants, their officers, agents, and employees, and all persons acting in concert with them, from engaging in any such further willful acts in violation of the copyright laws.

## THIRD CLAIM FOR RELIEF
### Violation of the Digital Millennium Copyright Act - 17 U.S.C. § 1202(b)

52. Mr. Sparig repeats and realleges each and every allegation in the above paragraphs as if set forth fully herein.

53. Defendants have, upon information and belief, knowingly and intentionally removed or altered copyright management information, and distributed copyright management information and publicly performed copies of works without the authority of the copyright owner.

54. Mr. Sparig holds the copyright in his Photograph (which is also stored in a digital file with metadata containing copyright management information) that Defendants uploaded on their websites and to YouTube.

55. Without the authority of Mr. Sparig, Defendants willfully removed Mr. Sparig's copyright management information from his Photograph.

56. Defendants also willfully placed their own logos on Mr. Sparig's Photograph to signify contrary ownership, in willful disregard of Mr. Sparig's rights.

57. Defendants never contacted Mr. Sparig to obtain the authority to remove or alter copyright management information from digital images of the Photograph uploaded on Defendants' websites and to YouTube within the meaning of 17 U.S.C. § 1202(b).

58. Defendants' acts are in violation of the Digital Millennium Copyright Act and were and are willful.

59. By way of Defendants' violations, Mr. Sparig has sustained, and will continue to sustain, substantial injury, loss, and damage to his ownership rights in his copyrighted work.

60. As a direct and proximate result of Defendants' violations, Mr. Sparig is entitled to recover the damages he sustained and Defendants' profits, in amounts to be proven at trial which

are not presently ascertainable.  At his election, and in the alternative, Mr. Sparig is entitled to recover statutory damages at a maximum of $25,000 per each falsification of copyright management information, or in such other amount as may be proper under 17 U.S.C. § 1203(c)(3).

61. Mr. Sparig is entitled to recover his costs and attorneys' fees under 17 U.S.C. § 505.

62. Mr. Sparig is also entitled to an injunction enjoining Defendants, their officers, agents, and employees, and all persons acting in concert with them, from engaging in any such further willful acts in violation of the copyright laws.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays the Court orders and adjudges the following relief in favor of Plaintiff and against Defendants:

A. Actual damages according to proof, including Defendants' profits plus interest, arising from Defendants' infringement.  Alternatively, and upon election, statutory damages based on Defendants' infringement and willful infringement pursuant to 17 U.S.C. §§ 101 *et seq*. in the amount of $150,000 for each copyrighted work infringed, or such other amount as the Court may award as proper under 17 U.S.C.§ 504(c);

B. Actual damages according to proof, including Defendants' profits plus interest, arising from Defendants' falsification of copyright management information.  Alternatively, and upon election, statutory damages based on Defendants' falsification and removal or alteration of copyright management information pursuant to 17 U.S.C. §§ 101 *et seq*. in the amount of $25,000 per violation, or such other amount as the Court may award as proper under 17 U.S.C. § 1203(c)(3);

C. Actual damages according to proof, including Defendants' profits plus interest, arising from Defendants' removal or alteration of copyright management information.

Alternatively, and upon election, statutory damages based on Defendants' falsification of copyright management information pursuant to 17 U.S.C. §§ 101 *et seq*. in the amount of $25,000 per violation, or such other amount as the Court may award as proper under 17 U.S.C. § 1203(c)(3);

  D. Injunctive relief enjoining Defendants, and their agents, servants, employees, officers, successors, licensees, and assigns, and all persons acting in concert or participation with each or any of them, from directly or indirectly infringing and misappropriating Plaintiff's copyright in the Photograph or continuing and/or resuming to reproduce and publicly display the Photograph, and falsifying, removing, and altering its copyright management information;

  E. Prejudgment interest according to law;

  F. An award of punitive and exemplary damages;

  G. An award of reasonable attorneys' fees and costs; and

  H. Such other and further relief as the Court deems just, proper, and equitable.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury.

Dated: New York, New York
    April 19, 2016

             ROBINS KAPLAN LLP

             By: /s/  Michael A. Kolcun

             David Leichtman
             Michael A. Kolcun
             601 Lexington Avenue, Suite 3400
             New York, New York 10022-4611
             Telephone:  (212) 980-7400
             DLeichtman@RobinsKaplan.com
             MKolcun@RobinsKaplan.com

             *Attorneys for Plaintiff, Jeremy Sparig*